2022 IL App (1st) 200812

SIXTH DIVISION
February 4, 2022

No. 1-20-0812

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| JIMETTE D. PARKER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 15 L 11650 |
| | ) | |
| LIBERTY INSURANCE UNDERWRITERS, INC., | ) | The Honorable |
| | ) | Jerry A. Esrig, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Mikva and Oden Johnson concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal involves the interplay between final judgments, successive postjudgment motions, postjudgment petitions for sanctions under Illinois Supreme Court Rule 137, the circuit court's jurisdiction, and appellate jurisdiction. On September 19, 2019, the circuit court dismissed this case with prejudice pursuant to a settlement. Plaintiff, Jimette D. Parker, sought to vacate the dismissal order and set the case for trial, and asked for a ruling on a motion filed before the September 19, 2019, dismissal order. On November 7, 2019, the circuit court denied plaintiff's motion to vacate. Plaintiff then filed a second motion to vacate the September 19, 2019, dismissal order, which plaintiff later withdrew in an agreed order. Within 30 days of withdrawing the second motion vacate, plaintiff filed a postjudgment Rule 137 petition for sanctions. The circuit court

denied the postjudgment petition for sanctions on July 7, 2020. Plaintiff filed a notice of appeal identifying the circuit court's November 7, 2019, and July 7, 2020, orders.

¶ 2    Defendant, Liberty Insurance Underwriters, Inc. (Liberty), has moved to dismiss plaintiff's appeal for lack of appellate jurisdiction. Liberty argues plaintiff did not file a notice of appeal within 30 days of the November 7, 2019, order denying plaintiff's postjudgment motion to vacate. Liberty also argues the circuit court lacked jurisdiction to consider plaintiff's postjudgment Rule 137 sanctions petition because it was not filed within 30 days of the November 7, 2019, order, and that plaintiff's successive postjudgment motion did not toll the time for filing a notice of appeal or postjudgment sanctions petition. We agree with Liberty. For the reasons below, we dismiss plaintiff's appeal.

¶ 3                                    I. BACKGROUND

¶ 4    We set forth only those facts necessary to understand our disposition. Plaintiff's amended complaint sought $1.5 million in damages plus interest, section 155 penalties, and reasonable attorney fees and costs for defendant's breach of contract and violations of section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2016)).

¶ 5    The complaint made the following allegations. In a 2014 lawsuit filed in Lake County circuit court, plaintiff pursued legal malpractice claims against attorney James R. Hermann, Hermann's previous law firms, and other attorneys (legal malpractice action). In 2003, Hermann, his law firms, and the other attorneys filed a complaint on plaintiff's behalf against the State of Illinois that was later dismissed for want of prosecution, and in 2004, filed a separate medical malpractice action that was dismissed in 2005. Hermann tendered the legal malpractice claim to Liberty, which had issued a claims-made policy to "James R. Hermann & Associates" for the policy period of April 15, 2010, through April 15, 2011. Liberty denied coverage and neither filed

a declaratory judgment action nor defended under a reservation of rights. Hermann and other defendants in the legal malpractice action settled with plaintiff, and Hermann assigned plaintiff his claims against Liberty. The Lake County circuit court entered a $1.5 million judgment, jointly and severally, against the defendants in the legal malpractice action. Plaintiff's complaint here pursued the claims assigned to him, alleging that Liberty breached its contract with Hermann and that its conduct violated section 155 of the Illinois Insurance Code.

¶ 6    Liberty answered the complaint and raised various affirmative defenses and asserted counterclaims. Over several years of litigation, the parties engaged in discovery and motion practice, and the matter was set for trial. On September 18, 2019, plaintiff filed a motion to dismiss all of Liberty's counterclaims and affirmative defenses because plaintiff discovered that, contrary to various assertions made during the litigation that defendant insured Hermann starting in 2007, defendant had insured Hermann and his previous law firms since at least 2005. Plaintiff sought the entry of judgment in his favor. The motion referenced Illinois Supreme Court Rule 137 and asserted defendant engaged in bad faith during the litigation but did not specifically request any relief pursuant to Rule 137. Plaintiff set the motion for hearing on September 19, 2019.

¶ 7    On September 19, 2019, the parties agreed to settle after a settlement conference with the circuit court. The circuit court entered an order dismissing the case with prejudice and retaining jurisdiction "to assure execution of the settlement documents and enforce the terms of the settlement." The circuit court's order did not reference plaintiff's September 18 motion to dismiss, and there is nothing in the record reflecting that the circuit court considered the motion.

¶ 8    On September 24, 2019, Liberty filed a motion to enforce the settlement. Liberty argued that plaintiff refused to execute a settlement agreement containing a confidentiality provision and a term requiring releases executed by the defendants to the legal malpractice action. Liberty argued

these terms were agreed to by the parties during the settlement conference, but plaintiff refused to execute an agreement containing the terms without additional consideration.

¶ 9 On October 2, 2019, plaintiff filed a motion (1) to vacate the September 19 dismissal order, (2) for a ruling on its September 18, 2019, motion to dismiss Liberty's affirmative defenses and counterclaims, and (3) to set a trial date.

¶ 10 The parties briefed both motions. The circuit court did not hear oral argument or hold an evidentiary hearing on the motions. On November 7, 2019, the circuit court granted Liberty's motion to enforce the settlement and denied plaintiff's motion to vacate the dismissal. The circuit court explained on the record that, based on its recollection, plaintiff's counsel had agreed to secure releases and agreed to keep the agreement confidential, and that agreement would be enforced. There was no discussion on the record about plaintiff's motion to vacate and for other relief.

¶ 11 On December 5, 2019, plaintiff filed a motion to renew his motion to vacate the settlement agreement and a motion to reconsider the circuit court's November 7, 2019, order enforcing the settlement. On December 23, 2019, the circuit court entered an agreed order drafted by plaintiff's counsel reflecting that "Plaintiff's Motion [to renew and reconsider] is withdrawn with prejudice."

¶ 12 On January 16, 2020, plaintiff filed a Rule 137 sanctions petition against Liberty for its conduct during the litigation. Plaintiff alleged the circuit court had jurisdiction to consider his sanctions petition because his September 18, 2019, motion to dismiss contained a request for Rule 137 sanctions that the circuit court never ruled on. Plaintiff asserted that he timely filed a postjudgment motion to vacate, which was denied on November 7, 2019. Within 30 days, he filed a renewed motion to vacate, which was withdrawn on December 23, 2019, and his present sanctions petition was filed within 30 days of December 23, 2019, which was, in his view, "the final post-judgment order." Liberty filed a motion to dismiss the sanctions petition pursuant to

section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)), arguing the circuit court lacked jurisdiction because the petition was untimely under Rule 137(b) where it was not filed within 30 days of the circuit court's dismissal order. The parties briefed Liberty's motion to dismiss the sanctions petition.

¶ 13     On July 7, 2020, the circuit court entered a written order denying plaintiff's sanctions petition for lack of jurisdiction. The circuit court found the petition was not filed within 30 days of the final judgment order. The circuit court observed that a Rule 137 claim must be filed within 30 days of the final judgment or within 30 days of the circuit court's ruling on the last postjudgment motion. The circuit court rejected any notion that its retained jurisdiction to enforce the settlement agreement included jurisdiction for any other purposes. As for plaintiff's previous Rule 137 motion, plaintiff never pursued that motion in any manner and neither party discussed the substance of that motion during briefing on defendant's motion to dismiss.

¶ 14     Plaintiff filed a notice of appeal on July 10, 2020, identifying the circuit court's November 7, 2019, and July 7, 2020, orders. During briefing of this appeal, Liberty filed a motion to dismiss for lack of appellate jurisdiction because plaintiff did not file a notice of appeal within 30 days of the circuit court's November 7, 2019, order denying plaintiff's postjudgment motion, and the circuit court lacked jurisdiction to hear plaintiff's sanctions petition. Plaintiff filed a response, and we ordered the motion taken with the case.

¶ 15                                II. ANALYSIS

¶ 16     On appeal, plaintiff argues that the circuit court erred by denying both of his requests for Rule 137 sanctions. He argues the circuit court abused its discretion by denying his September 18 sanctions motion on November 7, 2019, without conducting an evidentiary hearing. He further argues that his postjudgment sanctions petition was timely filed within 30 days of the circuit

court's final judgment because the circuit court did not enter a "final" order in this case until December 23, 2019, when the circuit court entered an agreed order withdrawing plaintiff's second motion to vacate and to reconsider. We disagree and find that we lack jurisdiction to consider the circuit court's November 7, 2019, order, and that the circuit court lacked jurisdiction to consider plaintiff's postjudgment sanctions petition.

¶ 17    We ordinarily review the denial of a Rule 137 sanctions petition for an abuse of discretion. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998). But here, the circuit court denied plaintiff's Rule 137 sanctions petition on the grounds that it was untimely, and thus the petition failed to invoke the circuit court's subject matter jurisdiction. Whether the circuit court had jurisdiction is a question of law that we review *de novo*. *J&J Ventures Gaming, LLC v. Wild*, 2016 IL 119870, ¶ 25. We also review *de novo* any interpretations of statutory provisions or our supreme court's rules. *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 9.

¶ 18    Plaintiff's appellate brief asserts his January 16, 2020, sanctions petition was not an attempt to seek adjudication of his first sanctions motion arguing that the circuit court denied the September 18, 2019, sanctions motion on November 7, 2019, when the circuit court erred by denying the September 18 sanctions motion without an evidentiary hearing. We, however, have no jurisdiction to consider the November 7, 2019, order because plaintiff did not file a timely notice of appeal from that order.

¶ 19    Plaintiff does not dispute that the September 19, 2019, dismissal order was a final order. In that order, the circuit court dismissed the entire cause with prejudice and expressly retained jurisdiction "to assure execution of the settlement documents and enforce the terms of the settlement." Nothing in this dismissal order suggests that any claims remained pending; the order states "this cause is dismissed." The order does not exempt any pending claims by either party.

This leads to the inescapable conclusion that the circuit court's September 19, 2019, dismissal order was a final judgment for the purposes of Supreme Court Rule 303(a) (eff. July 1, 2017).

¶ 20     Plaintiff filed a motion on October 2, 2019, to vacate the September 19, 2019, dismissal order, set a hearing on his sanctions motion, and set the case for trial. Plaintiff argues that his October 2, 2019, motion was not a postjudgment motion for the purpose of Supreme Court Rule 303(a) because Liberty's motion to enforce the settlement and his motion to vacate the dismissal "arose from the [c]ourt's own purposeful retention of jurisdiction to enforce." Liberty responds that plaintiff's October 2 motion was a postjudgment motion because it sought to vacate the dismissal order. We agree with Liberty that plaintiff's October 2, 2019, motion to vacate the September 19 dismissal order was a postjudgment motion.

¶ 21     Plaintiff's October 2 motion to vacate expressly cited section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2016)) as the basis for vacating the September 19 dismissal order. Section 2-1203(a) of the Code provides

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or *to vacate the judgment* or for other relief." (Emphasis added.) *Id.* § 2-1203(a).

¶ 22     A motion qualifies as a postjudgment motion for the purposes of Rule 303(a) if it requests any of the relief authorized in section 2-1203 of the Code. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 17 (citing *Hanna v. American National Bank & Trust Co. of Chicago*, 176 Ill. App. 3d 938, 943 (1988)). Here, plaintiff's motion requested that the circuit court vacate the dismissal order, set his

September 18, 2019, sanctions motion for a hearing, and set the matter for trial. Plaintiff's motion to vacate the dismissal order was a postjudgment motion for the purposes of Rule 303(a).

¶ 23    On November 7, 2019, the circuit court denied plaintiff's October 2 postjudgment motion to vacate in its entirety. Once the circuit court denied plaintiff's postjudgment motion, plaintiff had 30 days—in this case, until December 9, 2019[1]—to either file a notice of appeal or file a postjudgment sanctions petition. Ill. S. Ct. Rule 137(b) (eff. Jan. 1, 2018) ("Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion."). A failure to file either motion would result in the circuit court losing jurisdiction, except that it would retain jurisdiction to enforce the parties' settlement.

¶ 24    Plaintiff did not file a notice of appeal or a Rule 137 sanctions petition. On December 5, 2019, plaintiff filed a "renewed" motion to vacate and motion to reconsider the circuit court's order enforcing the settlement. Plaintiff's December 5, 2019, motion was a successive postjudgment motion that did not toll the time for filing a notice of appeal or the time for filing a sanctions petition. Rule 274 provides

> "*A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable*. The motion must be filed either within 30 days of that judgment order or within the time allowed by any extensions. If a final judgment order is modified pursuant to a postjudgment motion, or if a different final judgment or order is subsequently entered, any party affected by the order may make one postjudgment motion directed at the superseding judgment or order. Until disposed, each timely postjudgment motion shall toll the finality and appealability

---

[1]30 days from November 7, 2019, was December 7, 2019, which was a Saturday. The notice of appeal therefore due the following Monday, which was December 9, 2019. 5 ILCS 70/1.11 (West 2018).

of the judgment or order at which it is directed. The pendency of a Rule 137 claim does not affect the time in which postjudgment motions directed at final underlying judgments or orders must be filed, but may toll the appealability of the judgment under Rule 303(a)(1). A postjudgment motion directed at a final order on a Rule 137 claim is also subject to this rule." (Emphasis added.) Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 25    Successive postjudgment motions do not toll the time for filing a notice of appeal. *Sears v. Sears*, 85 Ill. 2d 253, 259-60 (1981); *Bell Federal Savings & Loan Ass'n v. Bank of Ravenwood*, 203 Ill. App. 3d 219, 224 (1990). We also find that a successive postjudgment motion does not toll the time for filing a postjudgment Rule 137 sanctions petition. See Ill. S. Ct. R. 137(b) ("Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, *or if a timely post-judgment motion is filed,* within 30 days of the ruling on the post-judgment motion." (Emphasis added.)). Rule 137(b) clearly states that a postjudgment petition for sanctions must be filed within 30 days of the circuit court's disposition of a timely filed postjudgment motion. Plaintiff's December 5, 2019, motion to vacate the dismissal order of September 19 was a successive postjudgment motion and it was not filed within 30 days of the circuit court's final judgment. The December 5, 2019, motion did not toll the time for filing a notice of appeal from the September 19, 2019, judgment order or the November 7, 2019, order denying plaintiff's timely postjudgment motion, and it did not toll the time for filing a Rule 137 sanctions petition.

¶ 26    Plaintiff maintains that the circuit court's December 23, 2019, order withdrawing the December 5, 2019, motion to vacate and reconsider was the final order for the purposes of determining whether the January 16, 2020, sanctions petition was timely filed. He contends that the circuit court "ruled [on the motion] by the agreement of the [p]arties" because defendant

tendered the settlement proceedings. Plaintiff's argument is not supported by any citation to the record or other authority and is nothing more than wishful thinking. The circuit court correctly entered an agreed order withdrawing the motion because that motion was an untimely filed successive postjudgment motion. The circuit court did not rule on the merits of plaintiff's December 5, 2019, motion, nor could it because the circuit court had no jurisdiction since the circuit court disposed of the timely filed postjudgment motion on November 7. Withdrawing a motion to vacate a judgment is not the equivalent of entering a judgment because the judgment was previously entered and not otherwise disturbed.

¶ 27    Furthermore, we have already discussed why the circuit court's dismissal order was a final and appealable order upon the denial of plaintiff's October 2, 2019, postjudgment motion to vacate. Acceptance of plaintiff's interpretation—that his successive postjudgment motion extended the circuit court's jurisdiction and restarted the 30-day appellate clock on the finality of the judgment itself—would delay the finality of a judgment indefinitely, so long as a party continued to file postjudgment motions within 30 days of the denial of a previous postjudgment motion. Our supreme court's rules prohibit this sort of gamesmanship and set finite limits on the number of postjudgment motions a party can file (Ill. S. Ct. R. 274) (one), and the number of days in which a party must file either a notice of appeal or a sanctions petition following the denial of a postjudgment motion (Ill. S. Ct. R. 303(a); Ill. S. Ct. R. 137(b)) (30 days).

¶ 28    Another glaring problem with plaintiff's position is that the December 5, 2019, motion did not seek reconsideration of the denial of his motion for sanctions or seek any extension of time in which to file a Rule 137 sanctions petition. Instead, his motion asserted that the circuit court erred by resolving defendant's motion to enforce the settlement without conducting an evidentiary hearing on what settlement terms the parties agreed to. The motion made no mention of the

sanctions motion at all. By agreeing to withdraw his motion, plaintiff agreed to drop his (untimely) request to vacate the dismissal order and he agreed to stop contesting the circuit court's enforcement order. Nothing in the December 23, 2019, agreed order adjudicated either party's rights. In other words, the December 23 order was not a judgment by any measure and did not alter the timing requirement for the filing of a notice of appeal or a Rule 137 sanctions petition. It is clear to us that plaintiff was required to file his notice of appeal or Rule 137 sanctions petition no later than December 9, 2019. It is equally clear that the December 5 motion—being a successive postjudgment motion—did not toll the filing of either a notice or a sanctions petition. Because he failed to do so, we have no jurisdiction to consider the circuit court's November 7, 2019, order denying plaintiff's postjudgment motion, and we must dismiss plaintiff's appeal from that order.

¶ 29    We also lack jurisdiction to consider the circuit court's July 7, 2020, order denying plaintiff's postjudgment Rule 137 sanctions petition for lack of jurisdiction. As we explained above, plaintiff did not file a timely notice of appeal from the circuit court's November 7, 2019, order denying plaintiff's timely postjudgment motion to vacate, and we have no jurisdiction to review the circuit court's judgment. On January 16, 2020, plaintiff filed his postjudgment sanctions petition, which was more than 30 days after the circuit court's November 7, 2020, order denying the plaintiff's timely postjudgment motion. The circuit court had no jurisdiction to hear plaintiff's postjudgment sanctions petition. As discussed above, an untimely postjudgment sanctions petition does not toll the time for filing a notice of appeal from the circuit court's judgment, and an order denying a postjudgment motion is itself not a judgment and is not independently appealable. *Sears*, 85 Ill. 2d at 258. Absent a timely notice of appeal from a final and appealable judgment, this court lacks jurisdiction to provide plaintiff any appellate relief, so we dismiss plaintiff's appeal.

¶ 30                                III. CONCLUSION

¶ 31     In sum, plaintiff did not file a notice of appeal within 30 days of the circuit court's November 7, 2020, order denying plaintiff's postjudgment motion, and the circuit court's July 7, 2020, order denying plaintiff's untimely postjudgment Rule 137 sanctions petition was not an appealable judgment. We lack jurisdiction to consider any aspect of plaintiff's appeal and dismiss the appeal.

¶ 32     Appeal dismissed.

---

**No. 1-20-0812**

---

| | |
|---|---|
| **Cite as:** | *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 IL App (1st) 200812 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 15-L-11650; the Hon. Jerry A. Esrig, Judge, presiding. |
| **Attorney For Appellant:** | Gary A. Grasso and Adam R. Bowers, of Grasso Law, P.C., of Hinsdale, for appellant. |
| **Attorneys For Appellee:** | Charles F. Morrissey and Kaitlyn M. Frey, of Morrissey & Donahue, LLC, of Chicago, for appellee. |