2022 IL App (1st) 210513

FIRST DISTRICT
SIXTH DIVISION
February 10, 2022

No. 1-21-0513

| | | |
|---|---|---|
| DEBRA RICHARDSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 19 L 14329 |
| LENETTE L. RENIER DICIAULA, DVM, Individually, | ) | |
| and PORTAGE PARK ANIMAL HOSPITAL & | ) | |
| DENTAL CLINIC, P.C., an Illinois Corporation, | ) | Honorable |
| | ) | Ronald Bartkowicz, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Oden Johnson concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Debra Richardson, appeals the trial court's order denying her petition for leave to amend her complaint to add a count alleging consumer fraud. On appeal, plaintiff contends that the court erred in denying her leave to amend because it considered only the advertising of defendant Portage Park Animal Hospital & Dental Clinic, P.C. (Portage Park), and not its conduct, in its determination. For the reasons that follow, we find that we lack jurisdiction to consider this appeal.

¶ 2                                    I. JURISDICTION

¶ 3     Plaintiff filed a motion for leave to amend her complaint on August 12, 2020, and the trial court allowed the filing of an amended complaint as to counts I, II, III, and V. The court, however denied leave to amend to add count IV, alleging consumer fraud. Plaintiff filed a motion to reconsider, which the trial court denied on April 21, 2021. The trial court's order contained

language pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), finding "no just reason for delaying appeal of this Order." Plaintiff filed her notice of appeal on May 5, 2021.

¶ 4                                    II. BACKGROUND

¶ 5    In 2015, plaintiff became the registered owner of Tigger, a now five-year-old gray tabby male cat. Plaintiff paid for Tigger to be microchipped, and the microchip was registered via PetLink. Tigger lived with plaintiff and her other cats in her apartment along with plaintiff's daughter Jessica Baniamin and Jessica's boyfriend, Justin Griggs.

¶ 6    Although Jessica and Griggs ended their relationship in July 2018, Griggs continued to live at the residence with plaintiff and Jessica. In September 2018, without plaintiff's consent, Griggs used plaintiff's computer to access her PetLink account and change Tigger's ownership from plaintiff to himself. Plaintiff became aware of the unauthorized change in November 2018, and Tigger's ownership was changed back to plaintiff. A "do not transfer" designation was also placed on the microchip registration for Tigger.

¶ 7    Griggs moved out of plaintiff's residence on December 16, 2018, with help from his friends and family. Soon after they left, plaintiff and Jessica noticed that Tigger was missing. Jessica contacted Griggs and accused him of taking Tigger, which he denied. Plaintiff filed a lost/stolen report for Tigger with the microchip company and with the police. Plaintiff also informed Tigger's veterinarian at Forest Glen Animal Hospital that she believed Tigger had been stolen. A lock was placed on Tigger's account at the hospital.

¶ 8    Days later, Griggs admitted to Jessica that he had Tigger and that he wanted Tigger's ownership to be in his name. On or around January 16, 2019, Griggs acknowledged that he was living at his mother's house, but he refused to return Tigger. Unable to settle the matter amongst

themselves, plaintiff filed a lawsuit on February 21, 2019, to have Tigger returned to her. Plaintiff prevailed in her suit, and Tigger was returned to plaintiff.

¶ 9     While the suit was pending, plaintiff discovered that Griggs had brought Tigger to defendant Portage Park on January 28, 2019, to remove his microchip. Portage Park apparently performed the surgery without scanning the microchip or checking the registration database. As a result, Tigger was subjected to unnecessary surgery.

¶ 10     On December 19, 2019, plaintiff filed a suit against defendant Lenette Renier DiCiaula, DVM, and Portage Park, alleging professional malpractice (count I), conversion (count II), common law fraud and concealment (count III), claims under the Humane Care for Animals Act (510 ILCS 70/3 (West 2018)) (count IV), gross negligence (count V), and *respondeat superior* against Portage Park (count VI). Defendants filed a motion to dismiss plaintiff's complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2018)). On July 16, 2020, the trial court granted the motion to dismiss as to counts II, III, and IV. The court's order also directed defendants to answer counts I, IV, and VI, and a case management conference was set for September 25, 2020.

¶ 11     On August 12, 2020, plaintiff filed a motion for leave to file an amendment to her complaint pursuant to section 2-616 of the Code (*id.* § 2-616). In her motion, plaintiff sought to rename count II "Professional Malpractice" and to replead count III from common law fraud to trespass to chattel and count IV from humane care of animals to consumer fraud. In its January 19, 2021, order, the trial court allowed the amended filing as to counts II and III but denied the amendment as to count IV. The trial court noted that plaintiff was alleging a private right of action for deceptive advertisement in count IV and to properly plead proximate cause in such an action, plaintiff "must

allege that she in some manner was deceived." The court found that plaintiff "does not allege she was deceived prior to the chip removal," which occurred on January 28, 2019. Rather, plaintiff first became aware of the removal after she filed suit against Griggs on February 21, 2019. The court concluded that plaintiff "has not adequately plead an action for deceptive advertisement, and these facts foreclose Plaintiff from alleging she was deceived by the Defendant." The court's order also directed defendants to answer plaintiff's amended complaint on or before February 11, 2021, and instructed both parties to "comply with Discovery Requests on or before March 12, 2021."

¶ 12    On January 25, 2021, plaintiff filed her first amended complaint with the allowed amendments. On February 16, 2021, plaintiff filed a motion to reconsider the court's judgment to deny amendment of count IV, alleging that the court misapplied existing law to the facts of the case. The trial court denied the motion to reconsider. In its written order, the court noted that plaintiff's claim of consumer fraud alleged that Portage Park "refus[ed] to scan Tigger's microchip 'to avoid seeking approval from Tigger's rightful owner before performing the microchip removal and collecting payment from the unauthorized service from [Griggs.]' " However,

> "Portage Park's website does not explicitly state that Portage Park automatically scans all microchips when an [*sic*] pet is brought into their practices. Rather, the website touts the benefits of such microchips for identifying lost pets that have been found and brought in for identification. The website suggests that Portage Park scans microchips upon the request of a client. *** Therefore, Portage Park's failure to scan Tigger's microchip prior to its removal does not, in and of itself, constitute a deceptive act."

The trial court also reiterated its prior finding that plaintiff failed to allege that she relied on Portage Park's deceptive advertising prior to the microchip's removal. The court's order stated that pursuant to Rule 304(a), there was "no just reason for delaying appeal of this Order."

¶ 13    Plaintiff filed this appeal.

¶ 14                               III. ANALYSIS

¶ 15    Plaintiff challenges the trial court's denial of her motion to amend count IV. But first, we must consider defendants' contention that we lack jurisdiction to consider plaintiff's appeal. Generally, appellate courts have jurisdiction to review only final orders. *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 641 (2008). Plaintiff asserts that this court has jurisdiction pursuant to Rule 304(a), which provides that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R 304(a) (eff. Mar. 8, 2016). Here, the trial court added Rule 304(a) language to its written order. Defendants, however, contend that the trial court's denial of plaintiff's motion to amend was not a final order.

¶ 16    It is well established that an order denying leave to file an amended complaint is not a final judgment, notwithstanding the inclusion of Rule 304(a) language. See *Enblom v. Milwaukee Golf Development*, 227 Ill. App. 3d 623, 627-28 (1992) (finding that "[w]ere this matter before us solely on the question of the propriety of the denial of leave to file an amended third-party complaint, we would be without jurisdiction since such a denial would not constitute" a final judgment); *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶¶ 39-40 (finding that an order denying leave to file a second amended complaint is not a final and appealable order for purposes of Rule 304(a)). " 'The fact

that an order contains [Rule 304(a)] language does not make an otherwise nonfinal order appealable.' " *Enblom*, 227 Ill. App. 3d at 628 (quoting *Metzger v. Fitzsimmons*, 175 Ill. App. 3d 674, 675 (1988)); *Paul H. Schwendener, Inc. v. Jupiter Electric Co.*, 358 Ill. App. 3d 65, 82 (2005) (stating that "[o]rdinarily, an order denying leave to file an amended complaint does not constitute a final judgment notwithstanding a court's Rule 304(a) finding").

¶ 17    Nonetheless, we may review the trial court's denial of leave to amend if we have jurisdiction over the underlying order dismissing the counts that plaintiff sought to amend. *Jupiter*, 358 Ill. App. 3d at 82. Here, the trial court had previously dismissed counts II, III, and IV of plaintiff's complaint in an order entered on July 16, 2020. Plaintiff subsequently filed a motion to amend her complaint, seeking to amend counts II, III, and IV. The trial court allowed amendment of counts II and III, although it denied plaintiff's request to amend count IV. The court's decision to grant leave to amend indicates that the prior dismissal was not a final disposition of the case. *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 585 (2003). Therefore, the July 16, 2020, order "cannot be considered a final order." See *id.* As such, we lack jurisdiction to review the trial court's July 16, 2020, order that dismissed counts II, III, and IV of plaintiff's complaint. Since we do not have jurisdiction over the trial court's dismissal order, we lack jurisdiction to consider this appeal. *Ely*, 2018 IL App (1st) 170626, ¶ 41.

¶ 18    Plaintiff argues, however, that the trial court's order denying plaintiff's proposed amendment of count IV was based on a "legal deficiency," and therefore, it was a final judgment. As support, she cites *Schal Bovis, Inc. v. Casualty Insurance Co.*, 314 Ill. App. 3d 562, 567-68 (1999). *Schal Bovis* involved the dismissal of several counts of the complaint without prejudice. This court found that "the effect of a dismissal order is determined by its substance, and not by the

incantation of any particular magic words." *Id.* at 568. The court determined that the dismissal "without prejudice" was a final order because the dismissal was based on a perceived legal deficiency—that plaintiffs sustained no damages and thus lacked standing to sue. *Id.* The ultimate issue was "finally decided by the trial court." *Id.* As such, the mere words "without prejudice" on the order did not deprive the appellate court of jurisdiction under Rule 304(a). *Id.*

¶ 19    *Schal Bovis* involved an appeal from the trial court's dismissal order, and the issue was whether the dismissal was, in substance, with or without prejudice. Here, plaintiff is not appealing the court's dismissal of count IV of her complaint. Rather, she is challenging the trial court's denial of leave to amend count IV to assert a consumer fraud claim. As discussed above, we may have jurisdiction over plaintiff's appeal if we have jurisdiction to review the underlying July 16, 2020, dismissal order. However, we lack jurisdiction to consider that order. Thus, we lack jurisdiction to consider this appeal.

¶ 20                                    IV. CONCLUSION

¶ 21    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 22    Appeal dismissed.

**No. 1-21-0513**

| | |
|---|---|
| **Cite as:** | *Richardson v. DiCiaula*, 2022 IL App (1st) 210513 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-L-14329; the Hon. Ronald Bartkowicz, Judge, presiding. |
| **Attorneys for Appellant:** | Anna Morrison-Ricordati, of AMR Law Group, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Julie A. Teuscher and Lynsey A. Stewart, of Cassiday Schade LLP, of Chicago, for appellees. |