2024 IL App (1st) 220526-U

Nos. 1-22-0526 & 1-22-0527 (cons.)

Order filed September 30, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF CHICAGO, INC., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos.    06 M1 731631           07 M1 726547 |
| JOSEPH RIVAS, | ) ) ) | Honorable David A. Skryd, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismiss the appeal for lack of jurisdiction where defendant failed to timely file a notice of appeal from a final, appealable order.

¶ 2     Defendant Joseph Rivas appeals *pro se* from the trial court's denial of his motions to seal the case files in two eviction actions pursuant to section 9-121(b) of the Code of Civil Procedure (Code) (735 ILCS 5/9-121(b) (West 2020)), as well as from the court's order directing him to pay

landlord Young Men's Christian Association of Chicago, Inc. (YMCA) attorney fees and court costs after he was held in contempt of court. We dismiss the appeal for lack of jurisdiction.

¶ 3    In case number 06 M1 731631 (2006 case), YMCA filed suit to evict Rivas from a unit in its Lakeview apartment building, alleging Rivas wrongfully held over after the tenancy ended and seeking possession of the property. The case was dismissed without prejudice by stipulation on June 29, 2007.

¶ 4    In case number 07 M1 726547 (2007 case), YMCA then filed another eviction action against Rivas seeking possession of the unit. On February 25, 2008, the circuit court found in favor of YMCA, awarding it possession of the unit and $2712 for use and occupancy during the pendency of the proceedings.

¶ 5    Rivas filed two appeals in the 2007 case, both of which this court dismissed. *Young Men's Christian Ass'n, Inc. v. Rivas*, No. 1-07-3510 (July 17, 2008) (dispositional order) (dismissing for lack of jurisdiction); *Young Men's Christian Ass'n, Inc. v. Rivas*, No. 1-08-0842 (June 3, 2008) (dispositional order) (dismissing for failure to comply with this court's order regarding filing requirements).

¶ 6    On December 7, 2020, Rivas, represented by Beyond Legal Aid, filed motions to seal the case files in the 2006 and 2007 eviction cases pursuant to section 9-121(b) of the Code.[1] Rivas alleged that the prior eviction cases still impacted him as he was unable to find new housing. Rivas claimed that the cases provided "next to no information" about him, his ability to pay rent, or his suitability as a tenant.

---

[1] Rivas also brought a motion to seal the case file in case number 09 M1 709430, an eviction case brought by a different plaintiff. The circuit court denied the motion. On appeal, this court vacated and remanded for entry of the seal order. *Buol v. Rivas*, 2022 IL App (1st) 210719-U.

¶ 7 Rivas's counsel subsequently moved to withdraw as counsel because the attorney-client relationship with Rivas had "broken down." The court granted counsel's motion to withdraw. Rivas then filed numerous *pro se* motions, often asking for multiple forms of relief in a single motion.

¶ 8 On May 20, 2021, following a hearing, the court denied Rivas's motions to seal the case files. The court reasoned that the proceedings were "transparent," "people have a right to access those public records," and it is "key to a transparent judiciary and legal system" that people have access to the courts and court records. The court entered written orders denying the motions to seal both case files.

¶ 9 Also on May 20, 2021, the court entered orders prohibiting Rivas from "filing any further motions, petitions, and/or requests for relief in this matter without prior leave of the Court."

¶ 10 Rivas subsequently filed several *pro se* motions, including, on June 21, 2021, motions to reconsider the orders denying the motions to seal the case files. On August 27, 2021, the court denied the motions to reconsider.

¶ 11 Rivas continued to file *pro se* motions challenging the court's prior orders.

¶ 12 On August 12, 2021, in both the 2006 case and 2007 case, YMCA filed a petition for rule to show cause as to why Rivas should not be held in contempt of court given that he continued to file motions without leave of court despite the court's orders prohibiting him from doing so.

¶ 13 On October 5, 2021, the court granted the petitions and ordered Rivas to pay YMCA the attorney fees and court costs incurred by his "repeated violations" of the court's order, in the sum of $967.92 in the 2006 case and $963.27 in the 2007 case. Rivas continued filing *pro se* motions challenging this decision and others without leave of court, including motions to vacate the

October 4, 2021, orders in both the 2006 case and 2007 case. On December 6, 2021, the court struck the motions to vacate. In a hearing held over Zoom that day, the court explained that Rivas had failed to appear on the call despite being "here in the building."

¶ 14    On November 8, 2021, YMCA filed in both cases a citation to discover assets in order to collect the sanction amounts from Rivas. On January 5, 2022, the circuit court entered orders directing Rivas to comply with the citation to discover assets and tender all requested documentation by January 28, 2022. On January 28, 2022, YMCA brought additional petitions for rule to show cause, alleging Rivas failed to comply with the citation to discover assets.

¶ 15    On February 2, 2022, the court ordered Rivas to personally deliver money orders made payable to YMCA by February 4, 2022, at 1 p.m.

¶ 16    On February 14, 2022, the circuit court entered orders noting that Rivas submitted payment pursuant to the court's October 5, 2021, orders. It dismissed all active and pending citations to discover assets against Rivas and ordered that all active and pending petitions for rule to show cause against Rivas were withdrawn.

¶ 17    On April 15, 2022, Rivas filed two notices of appeal in this court, designated as appeal numbers 1-22-0526 (2006 case) and 1-22-0527 (2007 case). He listed October 5, 2021, December 6, 2021, January 5, 2022, February 2, 2022, and February 14, 2022, as the dates of the orders or judgment he wished to appeal.

¶ 18    On May 11, 2022, this court entered an order on its own motion consolidating the two appeals. We noted that Rivas filed his notice of appeal on April 15, 2022, but sought review of orders entered by the circuit court, at the latest, on February 14, 2022. Reciting the jurisdictional rule that a notice of appeal must be filed within 30 days of the appealable judgment order, we

ordered Rivas to file a jurisdictional statement explaining why this court has jurisdiction to hear the appeals.

¶ 19    On June 21, 2022, Rivas filed a jurisdictional statement, which appears to raise several arguments regarding the procedure in the circuit court. Rivas stated that the docket shows he filed "Motions Post Judgment/Reconsideration *** all the time in 30 days or less frequency preserving the right to Appeal the eviction sealing and judgment all the time."

¶ 20    We entered an order finding the jurisdictional statement insufficient for our determination of whether we have jurisdiction, as it consisted "almost entirely of accusations against individuals which have no relevance to whether this court has jurisdiction," and it did not contain "the exhibits specified" that might assist this court in determining our jurisdiction. We stated we therefore would review the record to ascertain our jurisdiction.

¶ 21    We took the case on the record and Rivas's brief only where YMCA failed to file a brief on appeal within the time period prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 22    As an initial matter, we note that the form of Rivas's brief renders this appeal difficult to examine. Rivas has filed his brief and corresponding appendix spread across 10 separate PDF files. Each PDF file is named as a "Brief" regardless of whether it contains the brief or appendix. The substance of the brief itself is split among 3 PDF files, which includes 8 separate jurisdiction sections, a "statement of facts" about 30 pages long, and about 3 pages of analysis.

¶ 23    Rivas's brief does not comply with the majority of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which provides procedural rules that govern the content of appellate briefs. For

example, in violation of Rule 341(h)(6), his statement of facts provides only limited citations to the record and contains impermissible argument and comment, along with personal accusations aimed at certain individuals. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Similarly, in violation of Rule 341(h)(7), the argument section of his brief does not clearly identify the issues being raised on appeal, or even the orders which are the subject of the appeals, nor does it consistently include "citation of the authorities and the pages of the record relied on." See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We have the authority to strike a brief or dismiss an appeal due to an appellant's failure to comply with the rules. *In re Estate of DeMarzo*, 2015 IL App (1st) 141766, ¶ 16.

¶ 24    Notwithstanding the deficiencies of Rivas's brief, it is incumbent on this court to determine our jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. See *id.* Here we find we must dismiss the appeal because Rivas has failed to establish this court's jurisdiction.

¶ 25    Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides: "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." *Id.* Generally, appellate courts have jurisdiction to review only final orders. *Richardson v. DiCiaula*, 2022 IL App (1st) 210513, ¶ 15. "A judgment is final if it terminates and disposes of the parties' rights regarding issues in the suit, either on the entire case or on some definite and separate part of the controversy, so that, if affirmed, the trial court has only to proceed with the execution of judgment." *In re Estate of Aryeh*, 2021 IL App (1st) 192418, ¶ 23.

¶ 26    Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), which governs civil appeals, provides that a notice of appeal must be filed with the clerk of the circuit court within 30 days after

the final judgment appealed from. Where a motion directed against a judgment is timely filed within 30 days of the judgment, a notice of appeal must be filed "within 30 days after the entry of the order of the last pending postjudgment motion directed against that judgment or order." *Id*. An untimely postjudgment motion does not toll the time for filing a notice of appeal from the circuit court's judgment, and an order denying a postjudgment motion is itself not a judgment and is not independently appealable. *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 IL App (1st) 200812, ¶ 29.

¶ 27    "A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable." Ill. S. Ct. R. 274 (eff. July 1, 2019). A successive postjudgment motion, whether challenging the final judgment or the denial of a postjudgment motion, does not toll the time for filing a notice of appeal. *Id.*; Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017); *McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 940 (2002). When a notice of appeal is untimely, we lack jurisdiction and must dismiss the appeal. *Galaviz v. Mietus Restoration, Inc.*, 2023 IL App (1st) 220514, ¶ 23.

¶ 28    Here, Rivas filed the notices of appeal on April 15, 2022. In each, he identified the following orders as the subjects of the appeals: October 5, 2021 (holding Rivas in contempt of court and finding him liable for YMCA's costs and attorney fees in the 2006 and 2007 cases); December 6, 2021 (striking Rivas's motions to vacate the October 5, 2021, orders after Rivas failed to appear); January 5, 2022 (ordering Rivas to comply with the contempt order and tender all requested documentation, and continuing a citation to discover assets filed by YMCA); February 2, 2022 (ordering Rivas to deliver the money orders pursuant to the contempt order; ordering Rivas to have no contact with any YMCA employees other than YMCA's counsel and receptionist staff

as necessary to deliver money orders; and continuing the citation to discover assets and another pending petition for rule to show cause); and February 14, 2022 (dismissing all active or pending citations to discover assets, stating all active or pending petitions for rule to show cause are withdrawn, and striking future court date). However, from what we can decipher in his brief, his claims mainly appear to concern the May 20, 2021, orders denying his motions to seal the 2006 and 2007 case files, and the October 5, 2021, orders holding Rivas in contempt of court and finding him liable for YMCA's fees in the 2006 and 2007 cases.

¶ 29 Rivas does not identify the May 2021 judgments in his notice of appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (notice of appeal is "deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal" (internal quotation marks omitted)).

¶ 30 Further, Rivas's appellate challenge to the denial of the motions to seal and the order of contempt is untimely. Both a ruling on a motion to seal a case file and a finding of contempt are final, appealable orders. See *Habitat Co. v. Peeples*, 2018 IL App (1st) 171420, ¶ 29 (order denying motion to seal is final and appealable); see also *People v. Cole*, 2017 IL 120997, ¶ 18 (an order imposing sanctions in a contempt proceeding is final and appealable). Rivas timely filed postjudgment motions challenging the denial of his motions to seal on June 21, 2021, which the circuit court denied on August 27, 2021. He also timely filed postjudgment motions challenging the findings of contempt on November 4, 2021, which the circuit court struck on December 6, 2021. However, Rivas initiated this consolidated appeal on April 15, 2022, well beyond 30 days

after the trial court disposed of those postjudgment motions. His appeal challenging the denial of the motions to seal and the contempt orders is, therefore, untimely.

¶ 31 Rivas never moved to file a late notice of appeal. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017) (in civil cases, within 30 days after expiration of the time for filing a notice of appeal, an appellant may file in the reviewing court a motion for leave to file late notice of appeal). Thus, we lack jurisdiction to consider any appeal from the May 20, 2021, order denying his motions to seal the 2006 and 2007 case files, and the October 5, 2021, order holding Rivas in contempt of court and ordering his to pay YMCA's fees and costs. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 32 As to the other judgments identified in the notice of appeal, they were not final and appealable orders. As we have noted, the January 5, 2022, orders directed Rivas to comply with the previously entered contempt orders and tender all requested documentation. On February 2, 2022, the court ordered Rivas to deliver the money orders pursuant to the contempt order and to have no contact with certain YMCA employees. The court's February 14, 2022, orders dismissed all active or pending citations to discover assets and stated all active or pending petitions for rule to show cause were withdrawn. None of these orders disposed of the parties' rights regarding issues in the suit, so that, if affirmed, the circuit court had only to proceed with the execution of judgment. *In re Estate of Aryeh*, 2021 IL App (1st) 192418, ¶ 23. They are not final, appealable orders.

¶ 33 Further, as this court previously noted, the latest judgment date listed in the notice of appeal is the February 14, 2022, judgment. Even if that judgment entered on that date was final and appealable, Rivas's April 15, 2022, notice of appeal was untimely filed more than 30 days after that judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Accordingly, we lack jurisdiction to

consider an appeal from the orders identified in Rivas's notice of appeal. *DiCiaula*, 2022 IL App (1st) 210513, ¶ 15.

¶ 34    For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 35    Appeal dismissed.