2026 IL App (1st) 242318-U

SIXTH DIVISION

February 20, 2026

No. 1-24-2318

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF LAPORTE, | ) ) | Appeal from the Circuit Court of Cook County. |
| (Jessica LaPorte, | ) ) | |
| Petitioner-Appellee, | ) ) ) | |
| v. | ) ) | No. 23 D4 30099 |
| Margaret LaPorte, | ) ) | Honorable Scott Tzinberg, |
| Respondent-Appellant.) | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We dismiss the appeal because appellant's brief violates Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    In this dissolution of marriage matter, respondent-appellant Margaret LaPorte appeals from the circuit court's denial of her motion under section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West Supp. 2023)) to vacate certain court orders for lack of personal jurisdiction. For the reasons below, we dismiss Margaret's appeal.

¶ 3                              BACKGROUND

¶ 4    Margaret and her former spouse, petitioner-appellee Jessica LaPorte, entered a Consent Judgment of Divorce (consent judgment) and a Uniform Child Support Order (child support order) in the Circuit Court for Mackinac County, Michigan, on December 12, 2022. Jessica filed a petition to register foreign judgment as to both in the Circuit Court of Cook County on March 9, 2023. The petition alleged that Jessica and the couple's two minor children relocated to Oak Park, Illinois, on September 8, 2022, where they also then currently resided, making Illinois the children's home state. The consent judgment, attached to the petition, contained a provision that read, "Change of Domicile: the domicile of the minor children shall be changed from the state of Michigan to the State of Illinois."

¶ 5    Jessica later petitioned for leave to serve by special order, detailing difficulties serving Margaret. The circuit court granted the petition. Margaret was served on May 15, 2023.

¶ 6    On June 29, 2023, Jessica moved for default because Margaret failed to answer or otherwise appear. The circuit court granted the motion on July 13, 2023, and registered the consent judgment and child support order, stating both were "hereby enrolled in the Circuit Court of Cook County, Illinois, and [are] in full force and effect."

¶ 7    Jessica subsequently filed four petitions with the circuit court:

    (1) Petition for Name Change of Minor Children;

    (2) Petition for Adjudication of Indirect Civil Contempt and for Rule to Show Cause;

   (3) Petition for Abuse of Allocated Parenting Time and to Modify Parenting Provisions of Consent Judgment for Divorce; and

   (4) Petition for Contribution to Children's Expenses.

¶ 8 The circuit court granted the petitions, entering orders finding Margaret in default as to each, explaining that she "failed to appear for the hearing on October 19, 2023" and had "failed to appear at any of the three prior court dates scheduled in this matter." On November 16, 2023, Jessica's counsel filed a petition for attorney's fees and costs.

¶ 9 On May 9, 2024, an attorney entered an appearance for Margaret. That same day, Margaret filed a "2-1401 Motion to Vacate Orders Entered 10/19/23 and 2-301 Motion to Dismiss Petitions Against Respondent for Lack of Jurisdiction Due to Absence of Significant Illinois Contacts." Therein, Margaret argued that the "registration of the Michigan Judgment did not give the Illinois Court Personal Jurisdiction." She continued that she "has no contacts with Illinois and all the Notice in the world cannot cure the fact that [Margaret] does not have the minimum contacts needed for Illinois to have jurisdiction over her."

¶ 10 Jessica responded, arguing that in agreeing to the consent judgment, Margaret entered a contract connected with Illinois, and subsequently failed to support her children whom she "directed" to reside in Illinois, conferring personal jurisdiction under sections 2-209(7) and (9) of the Illinois Code of Civil Procedure (the long-arm statute) (735 ILCS 5/2-209(a)(7), (9) (West 2020)). Jessica also contended Illinois had personal jurisdiction over Margaret pursuant to the Uniform Interstate Family Support Act (UIFSA) (750 ILCS 22/201(a)(5), (8) (West 2020)).

¶ 11 On July 11, 2024, the circuit court denied Margaret's motion, finding in relevant part that Illinois had personal jurisdiction pursuant to both the long-arm statute and UIFSA.

¶ 12    Margaret filed a "motion to vacate, rehear or modify" the July 11, 2024 order, arguing the circuit court misapplied the long-arm statute and UIFSA. Before the court ruled on the motion, Margaret filed an "emergency motion to grant motion to reconsider," alleging that Jessica and their children had moved back to Michigan, and "[a]s a result, this case is moot." Margaret attached exhibits to the emergency motion purportedly showing that Jessica was currently working in Michigan and that the children were enrolled in school in Michigan.

¶ 13    On October 21, 2024, the circuit court denied the motion to vacate, rehear, or modify, and further denied the emergency motion because it was not an emergency. In so finding, the court ordered Jessica to respond to the now non-emergent motion regarding her purported relocation by November 18, 2024. Finally, the court's order specified, "This order is final and appealable pursuant to Illinois Supreme Court Rule 304(a)."

¶ 14    Jessica responded to the motion respecting relocation on November 15, 2024, and Margaret filed her notice of appeal in this matter on November 20, 2024.

¶ 15    The final order in the record on appeal, dated January 8, 2025, reads in relevant part, "Respondent's Motion to Vacate as Moot all Orders Based on Illinois Having Jurisdiction as the Children of Parties Now Reside in Michigan Where the Judgment of Divorce Was Entered is entered and continued generally for status."

¶ 16                              JURISDICTION

¶ 17    This is an appeal from a final order denying a section 2-1401 petition and was filed within 30 days of the circuit court's denial, meaning jurisdiction lies pursuant to Illinois Supreme Court Rules 303 (eff. July 1, 2017) and 304(b)(3) (eff. Mar. 8, 2016). We acknowledge that the court also included Rule 304(a) language in the October 21, 2024 order, but this was unnecessary per Rule 304(b)(3). We further note that to the extent Margaret seeks to challenge the October 21,

2024 order substantively on the issue of relocation, we lack jurisdiction over that claim, as explained below.

¶ 18                                              ANALYSIS

¶ 19    On appeal, Margaret raises three claims: (1) lack of personal jurisdiction, (2) improper service, and (3) Jessica and the children moved back to Michigan in May 2024, rendering Jessica's filings in Illinois moot. Jessica responds that Margaret's brief violates Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and should be dismissed accordingly.

¶ 20    Rule 341(h) governs the form and content of the appellant's brief. Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). These requirements are mandatory, and failure to follow them can render an appeal subject to dismissal at the appellate court's discretion. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. The appellate court will not make arguments or conduct research for the appellant. *Toushin v. Ruggierio*, 2021 IL App (1st) 192171, ¶ 73 ("This court is not a depository into which a party may dump the burden of argument and research."). The requirements of Rule 341(h) apply fully to a *pro se* appellant, and *pro se* status will not shield an appellant from appropriate sanctions. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45.

¶ 21    We find that Margaret's brief violates Rule 341(h) to such an extent that it requires dismissal of her appeal. The brief lacks any statement of facts or substantive argument supporting her claims. Without these two fundamental aspects, we are unable to review Margaret's claims without creating her arguments for her, which is not this court's function. See *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010) ("An issue that is merely listed or included in a vague allegation of error is not "argued" and will not satisfy the requirements of [Rule 341].").

¶ 22    Next, rule 341(h)(6) requires a "Statement of Facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and

with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Margaret's fact section states, "Please see attached argument." The attached "argument" document contains two purported bystander's reports, from hearings on July 13, 2023, and October 21, 2024. That this "argument" document falls far short of satisfying the statement of facts requirement is obvious, in no small part because the bystander's reports are invalid, as there is no order from the circuit court certifying them. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Moreover, even if the bystander's reports had been certified, a brief summary of two hearings is not a statement of facts, and Margaret cannot task this court with reading the bystander's reports and then speculating as to the facts underlying the representations made by the parties and/or their attorneys during the hearings.

¶ 23    Next, Rule 341(h)(7) requires that the appellant provide "Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Counter to these requirements, Margaret's argument sections for her three claims are threadbare, with no substantive support, detailed only by lists of cases or statutes without any explanation as to their application in the present matter. Any substantive analysis this court might perform as to her claims, then, would first require this court to create Margaret's legal positions for her, which, again, is not our role. *Vancura*, 238 Ill. 2d at 370.

¶ 24    Before closing, we note two things. First, we are mindful that Margaret is a *pro se* litigant and dismissal is a harsh sanction. Typically, this court would seek to avoid such sanction whenever possible, but this is a case where the brief is so sparse that there would be no way to substantively consider the appeal without acting as Margaret's advocate, and her *pro se* status is not grounds on its own to ignore this deficiency. See *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8.

6

¶ 25    Second, we take no position on the substantive impact of Margaret's contention that Jessica and the children moving back to Michigan renders Jessica's filing moot. That issue is not properly before this court. When Margaret filed her notice of appeal, there was a pending motion regarding the issue of mootness before the circuit court. Hence, there is no final order for us to review (and Margaret makes no suggestion that an exception pursuant to the Illinois Supreme Court Rules on final orders applies). See *Richardson v. DiCiaula*, 2022 IL App (1st) 210513, ¶ 15 ("Generally, appellate courts have jurisdiction to review only final orders").

¶ 26                                         CONCLUSION

¶ 27    Margaret's brief violates Rule 341(h) to such an extent that we must dismiss her appeal.

¶ 28    Appeal dismissed.