2022 IL App (1st) 200815

No. 1-20-0815

Third Division
May 11, 2022

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF<br><br>MARTHA PADILLA,<br><br>   Petitioner and Counterrespondent-Appellee,<br><br>and<br><br>ROBERT KOWALKSI,<br><br>   Respondent and Counterpetitioner-Appellant. | Appeal from the Circuit Court<br>of Cook County.<br><br>No. 14 D 6997<br><br>The Honorable Mark J. Lopez,<br>Judge Presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.

Justices McBride and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     The instant appeal arises from the trial court's order appointing a receiver over the estate of respondent in connection with a dissolution of marriage action. Respondent appeals this order, claiming that the trial court lacked jurisdiction or statutory authority to appoint a receiver and that the trial court abused its discretion in doing so. Respondent further claims that the court erred by appointing a receiver because the order appointing the receiver improperly enjoined respondent from presenting his earlier-filed petition for substitution of judge for cause. For the reasons that follow, we affirm.

¶ 2                                             BACKGROUND

¶ 3          The instant appeal represents the fourth time the parties have appeared before this court in connection with the dissolution of their marriage. See *In re Marriage of Padilla*, 2017 IL App (1st) 170215; *In re Marriage of Padilla*, 2018 IL App (1st) 173064-U (*Padilla II*); *In re Marriage of Padilla*, 2019 IL App (1st) 182267-U (*Padilla III*). Since the record on appeal is sparse, we fill in background details from our prior decisions and from official electronic dockets, of which we may take judicial notice. See *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 50.

¶ 4          On September 29, 2014, petitioner Martha Padilla filed for dissolution of marriage from respondent Robert Kowalski, pursuant to the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 2014)). This dissolution of marriage action has resulted in extended litigation. In addition to numerous motions and pleadings on both sides, respondent has sought to remove a number of judges from the case. Since the dissolution action commenced, respondent has filed no fewer than 12 petitions for substitution of judge (1 as a matter of right and 11 for cause), 3 motions to reconsider the denials of such petitions, 1 motion to vacate the denial of a petition for substitution of judge, 1 motion to transfer venue, and 3 interlocutory appeals relating to respondent's efforts to substitute judges.[1] During this time, two judges have also recused themselves from the case.

---

[1] The specific chronology of respondent's petitions for substitution of judge and related motions are set forth in detail in our prior decisions. *Padilla II*, 2018 IL App (1st) 173064-U, ¶¶ 6-8, 12-19, 23-29, 55-60; *Padilla III*, 2019 IL App (1st) 182267-U, ¶¶ 7-18. In *Padilla II*, 2018 IL App (1st) 173064-U, we found that the denial of respondent's petitions for substitution of judge for cause were not against the manifest weight of the evidence. In *Padilla III*, 2019 IL App (1st) 182267-U, we dismissed respondent's appeal from an order "enjoining hearing" on respondent's petition to substitute a judge for cause because the order from which respondent appealed was not an interlocutory order granting an injunction, and we therefore lacked jurisdiction to consider respondent's interlocutory appeal.

¶ 5        Despite respondent's efforts, this dissolution case has remained in front of Judge William Boyd[2] since the case was assigned to him on October 26, 2016, except for certain matters that Judge Boyd transferred to Judge Mark Lopez for hearing.[3]

¶ 6        On March 29, 2018, while the dissolution proceedings were ongoing, respondent sought bankruptcy protection in the federal district court for the Northern District of Illinois. *In re Kowalski*, No. 18-09130, 2018 WL 6841355 (Bankr. N.D. Ill. Nov. 30, 2018). According to respondent's appellate brief, on October 2, 2019, petitioner entered into a "Family Support Agreement" with the trustee of respondent's bankruptcy estate, through which petitioner "received substantial income producing properties" in "exchange and compromise of her claims for marital assets." This purported agreement is not included in the record on appeal.

¶ 7        On December 16, 2019, in this dissolution action, the trial court entered a judgment for dissolution of marriage. Although the record suggests that the judgment incorporated a settlement agreement between the parties regarding the allocation of their marital estate, neither the order of judgment itself nor any settlement agreement is included in the record on appeal.

¶ 8        On July 8, 2020, respondent filed a "Petition for Substitution of Judge Mark Lopez for Cause" pursuant to section 2-1001(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(3) (West 2020)). While styled as a petition to substitute Judge Lopez, respondent's petition in fact sought to remove both Judge Lopez and Judge Boyd from the case and to void the December 16, 2019, judgment for dissolution order. Respondent made three main

---

[2]Since the instant appeal requires us to make determinations concerning respondent's petition for substitution of judge for cause, the specific trial judges involved in certain proceedings are relevant, so we include their names in our recitation of the facts.

[3]We note that while respondent claims that Judge Boyd transferred "all aspects" of the case to Judge Lopez via a February 1, 2019, order, that order explicitly transfers the matter to Judge Lopez for a "motion to quash" and does not purport to reassign the case for other purposes.

arguments in support of the petition. First, respondent argued that the local rules of the circuit court did not permit Judge Boyd to transfer matters directly to Judge Lopez, and Judge Lopez therefore lacked subject matter jurisdiction to enter any orders in the case. Second, respondent argued that once Judge Boyd transferred certain matters in the case to Judge Lopez, the local rules of the circuit court did not permit Judge Boyd to continue to preside over the case, and Judge Boyd therefore also lacked subject matter jurisdiction to enter any orders. Lastly, respondent argued that Judge Lopez, Judge Boyd, and other officers of the circuit court had engaged in misconduct and manipulated the judicial assignment process to bias the dissolution proceedings against respondent in violation of respondent's constitutional and statutory rights. We note that it does not appear from the record on appeal that Judge Lopez ruled on respondent's petition for substitution of judge at this time, nor did he send the petition to another judge. It is noted that the petition for substitution of judge did not meet statutory requirements, as we will explain later in this opinion.

¶ 9        A day later, on July 9, 2020, petitioner filed an "Emergency Motion for the Appointment of a Receiver Over the Estate of [Respondent]." In the emergency motion, petitioner argued that respondent had failed to comply with the December 16, 2019, judgment for dissolution order and that respondent's "history of fraudulently concealing assets" justified the appointment of a receiver over respondent's estate. In support of her position that a receiver was needed, petitioner maintained that, pursuant to the judgment for dissolution order, respondent had outstanding obligations to petitioner totaling $77,598.50 and that respondent had failed to maintain a life insurance policy in excess of $6.5 million, as required by the order. The emergency motion also recited allegations from a February 6, 2020, federal criminal indictment against respondent and respondent's sister, Jan Kowalski, which, according to

petitioner, accused the pair of conspiring to conceal at least $567,200 from respondent's bankruptcy estate. Lastly, the emergency motion noted that during the dissolution of marriage proceedings, respondent was sanctioned by the trial court for serving a false and misleading financial affidavit. None of the supporting exhibits to petitioner's emergency motion are included in the record on appeal.

¶ 10    On July 10, 2020, the parties came before the court via Zoom for a "post card status" on petitioner's emergency motion. Respondent concedes that all parties were present at the Zoom hearing but claims that the trial court did not permit respondent to unmute himself or otherwise be heard. Respondent further claims that the trial court failed to entertain his petition for substitution of judge for cause, even though it was filed prior to petitioner's emergency motion for appointment of a receiver. There is no report of proceedings or bystander's report of this hearing contained in the record on appeal. The written order entered by the trial court on July 10, 2020, provides:

> "This matter coming before the Court for a post card status and on [Petitioner's] Emergency Motion for the Appointment of a Receiver Over the Estate of [Respondent], the parties being present through counsel, notice being given, and the Court being advised,
>
> IT IS HEREBY ORDERED:
>
> 1. [Petitioner's] Emergency Motion for the Appointment of a Receiver Over the Estate of [Respondent] is found to be an emergency.
>
> 2. [Petitioner's] Emergency Motion for the Appointment of a Receiver Over the Estate of [Respondent] is granted.
>
> 3. Neal H. Levin (Receiver) of Freeborn & Peters LLP is appointed the receiver of any and all of Robert's income and assets pursuant to separate order[.]***"

¶ 11    By a separate order, also entered July 10, 2020, the trial court set forth specific parameters for the receivership over respondent's estate. As relevant to the instant appeal, the order authorized the receiver to "take exclusive custody and control of all real and/or personal property in [respondent's] name, and all real and/or personal property in [respondent's] possession or control, income and/or payments streams owing to [respondent] from any source, and any real and/or personal property over which [respondent] has authority to control[.]***" The order also instructed the Cook County Sheriff to assist the receiver in "gaining access to the assets, including, without limitation, access to electronic devices[.]***"

¶ 12    On July 13, 2020, respondent filed a notice of interlocutory appeal.[4] Petitioner did not file an appellate brief, so we take the appeal on respondent's brief and the record alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13                                    ANALYSIS

¶ 14    On appeal, respondent challenges the trial court's entry of the emergency order for appointment of a receiver over respondent's estate and the separate orders granting certain powers to that receiver. Respondent also claims that the order appointing a receiver enjoined respondent from presenting his petition for substitution of Judge Lopez for cause.

¶ 15                            I. Appellate Jurisdiction

¶ 16    As an initial matter, we must discuss whether we have jurisdiction to review respondent's claims. As an appellate court, we are required to consider our jurisdiction, even if the parties

---

[4]After the filing of the notice of appeal, on July 21, 2020, the receiver filed an *ex parte* motion seeking entry of an amended receiver order and turnover order which, according to the receiver, were necessary to enable the Cook County Sherriff to effectuate the July 10, 2020, receiver order. The court granted the motion and entered the amended receiver order and separate turnover order on July 24, 2020, *nunc pro tunc* to July 21, 2020. As we explain the analysis section of this opinion, we lack jurisdiction to review these orders and therefore do not discuss their content in detail.

do not raise the issue. *A.M. Realty Western L.L.C. v. MSMC Realty L.L.C.*, 2016 IL App (1st) 151087, ¶ 67. The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25; *In re Marriage of Gutman*, 232 Ill. 2d 145, 150 (2008). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 17    In the case at bar, respondent filed an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(2) and Rule 307(a)(3) (eff. Nov. 1, 2017), which provide for an appeal of an interlocutory order "appointing or refusing to appoint a receiver or sequestrator" and "giving or refusing to give other or further powers or property to a receiver or sequestrator already appointed," respectively. Because one of the trial court's July 10, 2020, orders appointed a receiver over respondent's estate and the other gave certain powers to that receiver, we have appellate jurisdiction to consider the two orders' propriety.

¶ 18    We note, however, that respondent's brief also challenges the trial court's entry of a July 21, 2020, amended receiver order and turnover order. Ordinarily these orders would be reviewable under Illinois Supreme Court Rule 307(a)(3) (eff. Nov. 1, 2017) as orders giving or refusing further powers of a receiver already appointed. However, our supreme court has made clear that "[a] notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). As the July 21, 2020, amended receiver order and turnover order were entered after respondent filed his July 13, 2020, notice of appeal, the notice

could not have contemplated the July 21, 2020, orders, let alone specified them.[5] Moreover, we note that even if respondent had amended his notice of appeal to include the July 21, 2020, orders, we would still lack jurisdiction to consider them because the orders concern an *ex parte* application, and respondent did not seek to vacate the orders prior to appealing them as required by Illinois Supreme Court Rule 307(b) (eff. Nov. 1, 2017) ("If an interlocutory order is entered on *ex parte* application, the party intending to take an appeal therefrom shall first present, on notice, a motion to the trial court to vacate the order. An appeal may be taken if the motion is denied, or if the court does not act thereon within 7 days after its presentation."). To challenge the July 21, 2020, orders, respondent was required to present a motion to vacate, wait at most seven days, and then amend his notice of appeal or file a new notice of appeal. Ill. S. Ct. R. 307(b) (eff. Nov. 1, 2017); *Pappas*, 242 Ill. 2d at 178. Respondent's failure to take any of those actions deprives us of jurisdiction to review the July 21, 2020, orders. *Pappas*, 242 Ill. 2d at 178.

¶ 19    Respondent also asks that we construe the July 10, 2020, order appointing a receiver as an order enjoining a hearing on his petition for substitution of judge, such that we may review the petition pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which provides for appeal of an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." We are not persuaded by respondent's characterization of the trial court's July 10, 2020, order. Indeed, we considered and rejected respondent's similar

---

[5]We briefly consider Illinois Supreme Court Rule 303 (eff. July 1, 2017), which outlines the appropriate treatment of an appeal of a final judgment where further proceedings take place after the notice of appeal is filed. Rule 303(a)(2) provides that a "premature" notice of appeal becomes "effective" when the order denying the postjudgment motion is entered. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). While this rule allows for the curing of a premature notice of appeal in relation to postjudgment motions, we decline to extend its applicability to the orders presented here, which are interlocutory in nature.

claim to appellate jurisdiction in *Padilla III*, 2019 IL App (1st) 182267-U, ¶¶ 28-29. There, we explained:

> "[R]espondent's characterization of the trial court's order is not accurate. The trial court did not enter an order preventing respondent from presenting his petition for substitution of judge. *** As the petition had not been set for hearing on that day and opposing counsel had not received notice that the petition had been filed, the trial court properly noted that it would not be considering the petition at that time. See Ill. S. Ct. R. 104(b) (eff. Jan. 1, 2018) (requiring proof of service showing that all parties have been served with a copy of a motion); Cook County Cir. Ct. R. 2.3 (eff. July 1, 1976) (the movant bears the burden of calling a motion for hearing). The trial court did not prevent respondent from presenting his petition. ***
>
> *** [T]he record contains no indication that respondent took the next steps in having his petition considered, namely, providing opposing counsel with notice of the petition and setting it for hearing. Instead, a week later, respondent filed a notice of appeal. Respondent's failure to properly follow the steps to have his petition considered in no way transforms the trial court's *** order into an injunction. [Citation]." *Padilla III*, 2019 IL App (1st) 182267-U, ¶¶ 28-29.

Likewise, in the case at bar, there is no evidence to suggest that the petition for substitution of judge was properly before the trial court on July 10, 2020, or that the trial court took any action to prevent it from being heard thereafter. In addition, although respondent's appellate brief characterizes the petition for substitution of judge as a "verified" petition, the record on appeal does not include any verification or affidavit as required by section 2-1001(a)(3)(iii) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1001(a)(3)(iii) (West 2020)). Our supreme court has held

that a circuit court is not obligated to consider the merits of a petition for substitution of judge that does not meet statutory requirements. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010) ("In order to trigger the right to a hearing before another judge on the question of whether substitution for cause is warranted in a civil case pursuant to section 2-1001(a)(3), the request must be made by petition, the petition must set forth the specific cause for substitution, and the petition must be verified by affidavit."). Here, as in *Padilla III*, respondent's failure to meet the statutory requirements and to follow the proper steps to have his petition heard does not transform the trial court's July 10, 2020, order appointing a receiver into an injunction preventing presentation of his petition for substitution of judge. *Padilla III*, 2019 IL App (1st) 182267-U ¶ 29. Because the record contains neither a court order enjoining respondent from presenting his petition for substitution of judge, nor a court order denying respondent's petition for substitution of judge,[6] nor any order having the effect of enjoining or denying the petition, we lack jurisdiction to consider respondent's challenges concerning his petition for substitution of judge.

¶ 20      In sum, although we have jurisdiction to hear respondent's challenge to the July 10, 2020, order appointing a receiver over respondent's estate, we lack jurisdiction to consider either respondent's challenge to the July 21, 2020, amended receiver order or respondent's challenge concerning the alleged lack of a hearing on his petition for substitution of judge.

¶ 21                                II. Appointment of a Receiver

---

[6]As we noted in our prior decision, the issue of whether the denial of a petition for substitution of judge may be considered in connection with a Rule 307 appeal of a different order is one about which our courts have reached different conclusions. See *Padilla II*, 2018 IL App (1st) 173064-U, ¶ 78 (discussing split of authority). However, as the July 10, 2020, order is in no way a denial of respondent's petition for substitution of judge, we have no need to consider whether such denials are appealable in connection with a Rule 307(a)(2) or Rule 307(a)(3) orders.

¶ 22    Respondent's challenge to the July 10, 2020, appointment of a receiver over respondent's estate consists of three main arguments. We address each argument in turn.

¶ 23    First, respondent argues that the trial court lacked subject matter jurisdiction to preside over the dissolution of marriage case and was therefore not permitted to appoint a receiver. Subject matter jurisdiction refers to a court's power to hear and decide cases of a certain class. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 15. In general, subject matter jurisdiction is not waivable and may be raised at any time, including on appeal. *In re Marriage of Casarotto*, 316 Ill. App. 3d 567, 573 (2000). If subject matter jurisdiction is lacking, any subsequent judgment of the court is rendered void. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). Whether a circuit court has subject matter jurisdiction presents a question of law, which we review *de novo*. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18. As noted, *de novo* consideration means we perform the same analysis that a trial judge would perform. *Khan*, 408 Ill. App. 3d at 578.

¶ 24    In the case at bar, respondent maintains that because "the case was extensively transferred back and forth by non-random, non-electronic case steering means directly from [Judge Lopez's] Individual calendar 89 [to] *** Judge Boyd[,] the preliminary judge of cohesive judicial team C," both Judge Lopez and Judge Boyd were divested of subject matter jurisdiction. We are not persuaded by respondent's argument. Subject matter jurisdiction is not a requirement concerning specific judicial assignments within a given court. Instead, our supreme court has held that "[s]o long as a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of our [supreme] court, the circuit court has subject matter jurisdiction to consider it." *McCormick*, 2015 IL 118230, ¶ 20. Moreover, it is well-settled that under the Illinois constitution, marriage dissolution

proceedings are within the general jurisdiction of the circuit courts. *In re Marriage of D.T.W.*, 2011 IL App (1st) 111225, ¶ 80; *In re Marriage of Yelton*, 286 Ill. App. 3d 436, 442 (1997); *In re Marriage of Monken*, 255 Ill. App. 3d 1044, 1046 (1994); *English v. English*, 72 Ill. App. 3d 736, 741 (1979). Since the circuit court had subject matter jurisdiction over the dissolution proceedings at issue, the July 10, 2020, order is not void for lack of subject matter jurisdiction.

¶ 25     Respondent next argues that the trial court was not permitted to appoint a receiver because the Marriage Act does not provide for the appointment of a receiver in post judgment dissolution proceedings. We do not find this argument persuasive. While certain statutes provide for the appointment of a receiver, our supreme court has held that the power to appoint a receiver is part of the court's inherent equity jurisdiction and is "not dependent upon any statute." *Witters v. Hicks*, 335 Ill. App. 3d 435, 446 (2002). Moreover, respondent concedes that the Marriage Act grants trial courts broad equitable powers, including "mak[ing] provision for the preservation and conservation of marital assets during the litigation." 750 ILCS 5/102(10) (West 2020). We are not persuaded by respondent's argument that this equitable power is extinguished the moment a trial court enters a judgment of dissolution of marriage. To the contrary, "[a] trial court retains indefinite jurisdiction to enforce the terms of a judgment of dissolution of marriage." *In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1016 (2011). In addition, at least one other appellate court has affirmed the appointment of a receiver in postjudgment dissolution proceedings. See *In re Marriage of Lum*, 2021 IL App (1st) 210981-U. We find that the Marriage Act does not limit a trial court's inherent authority to appoint a receiver at its discretion.

¶ 26     Lastly, respondent contends that even if the trial court had the authority to appoint a receiver, the trial court abused its discretion in doing so under the circumstances of this case.

Specifically, respondent argues that the trial court abused its discretion by appointing the receiver where, according to respondent, (1) there was not an emergency necessitating the appointment of a receiver without bond or a hearing, (2) respondent was not permitted to be heard during the Zoom proceedings at which the receiver was appointed, (3) the receivership constituted an inequitable double recovery to petitioner because petitioner had already recovered her marital rights from respondent's bankruptcy estate, and (4) the receivership was overly broad because it encompassed property that belonged to third parties and property that was protected by a stay entered in respondent's bankruptcy proceedings.

¶ 27     We review a trial court's decision to appoint a receiver under the abuse of discretion standard. *City of Chicago v. Jewellery Tower*, *LLC*, 2021 IL App (1st) 201352, ¶ 45. A trial court is considered to have abused its discretion only where no reasonable person would take the view it adopted. *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005). Further, a trial court abuses its discretion when it "acts arbitrarily and fails to employ conscientious judgment and ignores recognized principles of law." *Castro v. Brown's Chicken & Pasta, Inc.*, 314 Ill. App. 3d 542, 554 (2000).

¶ 28     It is the appellant's burden to present a record that is sufficiently complete to permit evaluation of appellant's claim of error. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156, (2005); *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Corral*, 217 Ill. 2d at 156; *Webster*, 195 Ill. 2d at 432. Without an adequate record preserving the claimed error, the court of review must presume that the circuit court's order had a sufficient

factual basis and that it conforms with the law. *Corral*, 217 Ill. 2d at 157; *Webster*, 195 Ill. 2d at 432; *Foutch*, 99 Ill. 2d at 392.

¶ 29    Here, respondent has failed to provide the court with a sufficiently complete record to evaluate the trial court's exercise of its discretion. Specifically, the record is devoid of a transcript or report of the July 10, 2020, proceedings, a bystander's report, or an agreed statement of facts. Respondent also failed to include the exhibits to petitioner's emergency motion for appointment of a receiver in the record on appeal. Thus, we do not know what evidence was presented, what legal arguments were made before the court, or what factual or legal findings the trial court relied on. We know only that following "a post card status" with "the parties being present through counsel, notice being given, and the Court being advised," the trial court found the emergency motion to be an emergency and appointed a receiver as requested. Under these circumstances, "we will presume that the trial court heard adequate evidence to support its decision and that its order granting [petitioner's] motion *** was in conformity with the law." *Webster*, 195 Ill. 2d at 432-34. Accordingly, we affirm the trial court's July 10, 2020, orders appointing a receiver and giving certain powers to that receiver.

¶ 30                                  CONCLUSION

¶ 31    For the reasons set forth above, we cannot consider respondent's appeal of the trial court's July 21, 2020, orders or his challenges concerning his petition for substitution of judge for cause, nor can we find error in the trial court's appointment of a receiver over respondent's estate.

¶ 32    Affirmed.

---

**No. 1-20-0815**

---

| | |
|---|---|
| **Cite as:** | *In re Marriage of Padilla*, 2022 IL App (1st) 200815 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 14-D-6997; the Hon. Mark J. Lopez, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Jan R. Kowalski, of LaGrange, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---