2025 IL App (1st) 241688-U

No. 1-24-1688

Order filed August 27, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SHALONDA L. MOORE, | ) | Appeal from the Circuit |
| | ) | Court of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | No. 2021 L 6725 |
| v. | ) | |
| | ) | Honorable |
| AGB INVESTIGATIVE SERVICES, INC., | ) | Toya T. Harvey and |
| | ) | Kathy M. Flanagan, |
| Defendant-Appellee. | ) | Judges Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   This court lacks jurisdiction to consider the merits of plaintiff's appeal where she failed to file a timely notice of appeal pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017).

¶ 2    Plaintiff Shalonda Moore appeals, *pro se*, from an order of the circuit court of Cook County which reaffirmed the terms of a settlement agreement she reached with defendant AGB Investigative Services, Inc., following a pretrial settlement conference. For the reasons that follow,

we dismiss plaintiff's appeal for lack of jurisdiction.[1]

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff filed a two-count complaint against defendant on July 1, 2021, alleging battery and negligence. The allegations arose from an altercation at a Red Line subway station between the plaintiff, who was performing as a street entertainer, and security guards employed by the defendant.

¶ 5      Following mandatory arbitration, plaintiff was awarded $20,000. Plaintiff rejected the award and the parties participated in a pretrial settlement conference on July 2, 2024. At the conference, the parties agreed that defendant would tender $35,000 to plaintiff in exchange for a release of all claims. Pursuant to the settlement agreement, the trial court entered an order dismissing the case with prejudice. The court retained jurisdiction to enforce the terms of the settlement agreement.

¶ 6      Plaintiff refused to execute the release, arguing that the $35,000 was a "partial judgment" and that she would be "appealing." In response, defendant filed a motion to enforce the settlement agreement.

¶ 7      On July 17, 2024, the trial court held a hearing on defendant's motion to enforce. Following the hearing, the trial court granted defendant's motion and stated that the matter remained dismissed with prejudice.

¶ 8      Plaintiff subsequently filed a *pro se* motion seeking to vacate the July 2, 2024 order. Plaintiff asserted in part that the settlement agreement was procured through "Judicial Misconduct," "Abuse of Due Process," and "Violation of the Professional Rule of Conduct." On July 24, 2024, the parties appeared before Judge Kathy M. Flanagan for a hearing on plaintiff's

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

motion. Judge Flanagan advised the parties of her intent to transfer the motion to Judge Toya T. Harvey, who conducted the settlement conference, for hearing and disposition. Plaintiff then told Judge Flanagan that she changed her mind, and that she would accept the terms of the settlement agreement. The substance of the hearing was memorialized in an order entered the same day.

¶ 9    On August 23, 2024, plaintiff filed a notice of appeal from the July 24, 2024 order.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, plaintiff raises a number of challenges as to the validity of the settlement agreement. We find that we lack jurisdiction to consider these challenges. "The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*." *In re Marriage of Padilla*, 2022 IL App (1st) 200815, ¶ 16.

¶ 12    At the core of the jurisdictional inquiry is whether the July 24, 2024 order was a final and appealable order, which is required to vest this court with jurisdiction. With exceptions not relevant here, an appellate court has jurisdiction to consider appeals only from final judgments and orders. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Johnson v. Armstrong*, 2022 IL 127942, ¶ 19. A judgment or order is final "if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re M.M.*, 337 Ill. App. 3d 764, 771 (2003). An order dismissing claims with prejudice is generally considered a final order. *A&R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17; *Gateway Auto, Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 24.

¶ 13    In its July 2, 2024 order, the trial court determined that the parties reached terms and agreed to settle their dispute. Pursuant to that agreement, the trial court dismissed the matter with prejudice but retained jurisdiction to enforce the agreement's terms.

¶ 14    On July 17, 2024, the trial court granted the defendant's motion to enforce the terms of the

settlement agreement and acknowledged that the matter remained dismissed with prejudice. Plaintiff filed a timely *pro se* postjudgment motion to vacate the July 2, 2024 order.

¶ 15    At the hearing on the motion to vacate, held July 24, 2024, plaintiff decided to reaffirm the terms of the settlement agreement and sign the release. By doing so, she effectively withdrew her motion to vacate, leaving the final order of July 2, 2024, undisturbed. This court has instructed that "[w]ithdrawing a motion to vacate a judgment is not the equivalent of entering a judgment because the judgment was previously entered and not otherwise disturbed." *Parker v. Liberty Insurance Underwriters, Inc.*, 2022 IL App (1st) 200812, ¶ 26.

¶ 16    The trial court's July 24, 2024, order was not a final and appealable order for purposes of Rule 301, because it did not determine the litigation on the merits so that, if affirmed, the only thing remaining would be to proceed with the execution of the order. It was the order of July 2, 2024, rather than the July 24, 2024 order that determined the time in which plaintiff was required to file her notice of appeal.

¶ 17    Illinois Supreme Court Rule 303(a)(1) sets forth the time requirements for filing a notice of appeal from a final order in a civil case. "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Rule 303(a)(1) provides in relevant part that the notice of appeal must be filed "within 30 days after entry of the final judgment appealed from." Ill. S. Ct. R. 301(a)(1) (eff. July 1, 2017). Here, plaintiff filed her notice of appeal on August 23, 2024, more than thirty days after the final order was entered on July 2, 2024.

¶ 18                                    III. CONCLUSION

¶ 19    For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

¶ 20    Appeal dismissed.