2026 IL App (1st) 251233-U

No. 1-25-1233

Order filed June 2, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE VILLAGE OF PALATINE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M3 5581 |
| | ) | |
| THOMAS PAULICK, | ) | Honorable |
| | ) | Martin S. Agran, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss this appeal for lack of jurisdiction. The circuit court's grant of summary judgment in plaintiff's favor did not include a Supreme Court Rule 304(a) finding, which was necessary to make the summary judgment ruling appealable where defendant's counterclaims remain pending in the circuit court.

¶ 2    Defendant Thomas Paulick appeals the circuit court's grant of summary judgment in favor of plaintiff Village of Palatine (the Village). We dismiss this appeal for lack of jurisdiction. The circuit court's grant of summary judgment did not include a Supreme Court Rule 304(a) (eff. Mar.

8, 2016) finding, which was necessary to make the summary judgment ruling immediately appealable because Paulick's counterclaims remain pending in the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      This case arises from disputes about the condition of Paulick's house and yard in Palatine. Paulick has been a self-represented litigant throughout all proceedings including this appeal.

¶ 5                          A. Administrative Proceedings

¶ 6      On December 2, 2022, the Village filed an administrative complaint alleging that Paulick's house's exterior had holes, loose and decaying siding, peeling paint, broken shutters, and detached gutters, in violation of the Palatine Code of Ordinances and the International Property Maintenance Code. Following a hearing, on June 15, 2023, an administrative hearing officer found in the Village's favor and fined Paulick $9,855. Paulick petitioned for administrative review in the circuit court of Cook County, initiating case number 23 M3 4587. On October 13, 2023, the circuit court affirmed the administrative hearing officer's order. Paulick did not pay the $9,855 fine or appeal to this court.

¶ 7      On June 20, 2023, and May 30, 2024, the Village issued notices to Paulick regarding his overgrown yard.

¶ 8                                B. This Lawsuit

¶ 9      On July 31, 2024, the Village filed this lawsuit against Paulick, seeking (1) a judgment for the unpaid $9,855 fine; (2) an order requiring him to repair his house's exterior; (3) fines for disobeying the administrative hearing officer's ruling in case number 23 M3 4587; (4) fines for his overgrown yard; and (5) an injunction requiring him to comply with the Palatine Code of Ordinances.

¶ 10    On March 4, 2025, the Village moved for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2024)). The Village based its summary judgment motion on requests to admit that Paulick answered after the 28-day deadline, thereby admitting the facts those requests concerned. See Ill. S. Ct. R. 216(c) (eff. Jul. 1, 2014). The Village argued that Paulick admitted he had not paid the $9,855 fine, repaired his house's exterior, or addressed his overgrown yard; therefore, the Village was entitled to judgment as a matter of law under the Illinois Municipal Code (65 ILCS 5/1-2.2-55(b), 11-31-2 (West 2024)) and the Palatine Code of Ordinances (Palatine Code of Ordinances §§ 10-44(a), 12-294).

¶ 11    On April 25, 2025, Paulick responded to the Village's motion for summary judgment. Paulick contended that the Village found his house in compliance with the Palatine Code of Ordinances as of May 23, 2019. He also disputed the Village's allegations about his overgrown yard.

¶ 12    The same day, Paulick filed counterclaims against the Village. Paulick alleged that Village inspectors trespassed on his property, fabricated evidence of ordinance violations, and falsely accused him of ordinance violations that occurred on a neighboring property. Paulick sought $10,000 in damages for trespass and $20,000 for the Village's "harassment" of him.

¶ 13    On May 9, 2025, the Village filed a reply in support of its summary judgment motion.

¶ 14    On May 12, 2025, the Village moved to strike or dismiss Paulick's counterclaims. The Village argued that Paulick's counterclaims were improper because he did not file them as part of his answer, which section 2-608(b) of the Code of Civil Procedure (735 ILCS 5/2-608(b) (West 2024)) required, and untimely because he filed them after the parties "fully briefed the Village's

Motion for Summary Judgment."[1] Additionally, the Village contended that the circuit court lacked jurisdiction over the counterclaims because Paulick did not exhaust his administrative remedies and because the Tort Immunity Act (745 ILCS 10/1-101 *et seq.* (West 2024)) barred such counterclaims anyway.

¶ 15    On May 30, 2025, the circuit court deemed admitted all facts raised in the Village's requests to admit due to Paulick's late response. The court also granted the Village's motion for summary judgment on all five counts. The court entered judgment as to the $9,855 fine, imposed additional fines to be determined later, ordered Paulick to cure the defects on his property within 21 days, and entered an injunction against him. The written summary judgment order did not include a Rule 304(a) finding that "there [was] no just reason for delaying either enforcement or appeal or both." See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 16    On June 27, 2025, Paulick filed a notice of appeal challenging the grant of summary judgment. The same day, Paulick responded to the Village's motion to strike or dismiss his counterclaims. He essentially reiterated the allegations of his counterclaims.

¶ 17    On July 14, 2025, the Village filed a reply in support of its motion to strike or dismiss.

¶ 18    On July 15, 2025, the Village filed a petition for a rule to show cause as to why the court should not hold Paulick in contempt for not complying with the summary judgment order.

¶ 19    On July 29, 2025, the court continued the Village's motion to strike or dismiss Paulick's counterclaims and its petition for a rule to show cause to September 30, 2025. That order is the last document in the record on appeal. We take judicial notice of the circuit court's electronic

---

[1]The Village's characterization is not accurate. Paulick filed his counterclaims *while* the parties were briefing summary judgment.

docket (see *In re Marriage of Padilla and Kowalski*, 2022 IL App (1st) 200815, ¶ 3), which indicates that this case remains pending in the circuit court. It is set for a trial call status hearing on July 29, 2026.

¶ 20                                    II. ANALYSIS

¶ 21    Paulick appeals the circuit court's grant of summary judgment. His notice of appeal does not indicate which Supreme Court Rule he invokes as the basis for appellate jurisdiction. However, his brief contends that we have jurisdiction under Supreme Court Rule 304(a) (eff. Mar. 8, 2016) because the grant of summary judgment "ended only part of a civil *** case but included a special finding of appealability under Rule 304(a)." As we explain below, the grant of summary judgment ended part of a civil case but did not include a Rule 304(a) finding; therefore, we do not have jurisdiction.

¶ 22    Rule 304(a) provides that

> "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable ***." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

Without a Rule 304(a) finding, a final order that resolves fewer than all claims is not appealable and does not become appealable until the circuit court has resolved all claims. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997).

¶ 23    This case involves multiple claims for relief: the Village's claims against Paulick and Paulick's counterclaims against the Village. The circuit court's grant of summary judgment was a final order (see *Shutkas Electric, Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 80 (2006)), but only as to some of the claims in this case. The record indicates that Paulick's counterclaims remain pending. So, the grant of summary judgment is appealable only if the circuit court made a Rule 304(a) finding. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *Gateway Auto, Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 24. It did not. Because the circuit court did not make a Rule 304(a) finding and Paulick's counterclaims remain pending, we do not have jurisdiction over this appeal.

¶ 24    This conclusion is consistent with authority holding that when a circuit court grants a dispositive motion but does not enter a proper Rule 304(a) finding, we do not have jurisdiction if counterclaims remain pending in the circuit court. See, *e.g.*, *Gateway Auto*, 2023 IL App (1st) 230185, ¶¶ 24-27 (order dismissing complaint with prejudice was not appealable because counterclaims remained pending and the circuit court did not make a proper Rule 304(a) finding); *Livnjak v. Right Residential II Fund 2 LLC*, 2018 IL App (1st) 172879, ¶ 22 (order dismissing complaint was not appealable because it did not include a Rule 304(a) finding and counterclaims remained pending); *Stasko v. City of Chicago*, 2013 IL App (1st) 120265, ¶ 28 (order granting summary judgment was not appealable because it did not include a Rule 304(a) finding and counterclaim was still pending); *City of Champaign v. Madigan*, 2013 IL App (4th) 120662, ¶ 21 (no appellate jurisdiction where the circuit court's order left a counterclaim and attorney fees unresolved and did not include a proper Rule 304(a) finding).

¶ 25    Furthermore, the circuit court's orders indicate that it intended for the case to continue after the summary judgment ruling. The summary judgment order states that interest, attorney fees, and additional fines for Paulick's ordinance violations would "be determined at a later date." In its July 29, 2025, order, the circuit court set the Village's motion to strike or dismiss Paulick's counterclaims and the Village's motion for a rule to show cause for further proceedings on September 30, 2025. And, as noted above, the circuit court's electronic docket indicates that proceedings are still ongoing.

¶ 26    Rule 304(b) lists certain types of orders that are appealable without a Rule 304(a) finding, but does not include an order like the circuit court's grant of summary judgment in this case. See Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). Aside from citing Rule 304(a), Paulick's briefs do not address our jurisdiction. We have independently reviewed our jurisdiction (see *Johnson v. Armstrong*, 2022 IL 127942, ¶ 18) and find no other basis to invoke it. Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 27                                  III. CONCLUSION

¶ 28    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 29    Dismissed.